IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,204-01






EX PARTE CHARLES LEVI BALLARD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR19875 IN THE 35TH DISTRICT COURT


FROM BROWN COUNTY




 

 Per curiam. 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one court of
aggravated sexual assault and two counts of indecency with a child. He was sentenced to three terms
of twenty years' imprisonment. He did not appeal his convictions.

 Applicant contends that his pleas were involuntary and that his trial counsel rendered
ineffective assistance. On June 12, 2009, the trial court found that there were controverted,
previously unresolved facts material to Applicant's confinement and ordered trial counsel to file a
response. We believe that this application was prematurely forwarded to this Court. 

 As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first make findings of fact and conclusions of law as to whether
Applicant's pleas were involuntary. The trial court shall then make findings and conclusions as to
whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: August 19, 2009

Do not publish